**UNITED STATES of America, Petitioner–Appellee,**

v.

**Anton JOHNSON, Respondent– Appellant.**

**No. 12–6751.**

United States Court of Appeals, Fourth Circuit.

Submitted: April 23, 2013.

Decided: June 13, 2013.

Richard Croutharmel, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May–Parker, G. Norman Acker, III, Assis-

tant United States Attorneys, Raleigh, North Carolina, for Appellee.

Before NIEMEYER, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anton Johnson, a District of Columbia ("D.C.") Code offender in the custody of the Federal Bureau of Prisons ("BOP"), appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 ("the Walsh Act"), 18 U.S.C. § 4248 (2006). Johnson argues that the Walsh Act, as applied to D.C.Code offenders in the custody of the BOP, violates the Equal Protection Clause. We conclude that the application of the Walsh Act to Johnson did not violate his equal protection rights. *See United States v. Wooden*, 693 F.3d 440 (4th Cir.2012) (rejecting equal protection claim regarding application of Walsh Act to D.C.Code offender); *United States v. Timms*, 664 F.3d 436 (4th Cir.2012) (rejecting equal protection claim regarding application of Walsh Act to individuals in BOP custody, but not to individuals who were not in custody); *see generally Moss v. Clark*, 886 F.2d 686 (4th Cir.1989) (finding rational basis and, hence, no equal protection violation where D.C. prisoners in federal prisons did not accumulate good time credits at same rate for time served in federal prison as they would have received if they had served sentences in D.C. facility). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials be-

fore this court and argument would not aid the decisional process.

*AFFIRMED.*